**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM YANAK,<br><br>                Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                Defendant. | Case No. 07-CV-536-FHM |

## OPINION AND ORDER

Plaintiff, William Yanak, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's August 4, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held January 3, 2007. By decision dated April 26, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on August 21, 2007. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 33 years old at the time of the hearing. He has a high school education and formerly worked as booking agent, delivery driver, bouncer, cook, and floor installer. He claims to have been unable to work since September 1, 2004, as a result of anger, social phobia, and bipolar disorder. The ALJ determined that Plaintiff retains the ability to lift and/or carry 50 pounds, 25 pounds frequently, sit, stand, and/or walk at least 6 hours in an 8-hour day and is limited to performance of simple tasks with only incidental contact with others. These limitations preclude the performance of Plaintiff's past relevant work. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: erred in rejecting treating physicians' opinions; failed to perform a proper credibility analysis; and the finding that Plaintiff can perform other jobs in the economy is based on a hypothetical question that does not match

the ALJ's findings.[2]  The Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  The decision is therefore AFFIRMED.

### TREATING PHYSICIANS' OPINIONS

The record contains forms completed by two of Plaintiff's treating physicians in which the physicians expressed their opinions that Plaintiff has extreme limitations in his attention, concentration, and social interaction which, if fully credited by the ALJ, would likely require a finding of disability. [R. 323-328; 425-427].  The ALJ acknowledged the existence of these opinions but did not accord them controlling weight, stating: "these opinions are not at all consistent with the Claimant's actual treatment records." [R. 21].  The ALJ noted that the treatment plans and treatment records reflect Global Assessment of Functioning scores in the moderate range.  Further, the records reflect that Dr. Griffith prescribed medication for Plaintiff once on the same date she completed the form containing her opinion.  The ALJ found the records did not contain testing to support the opinions and "do not show much more than visits at which medications were prescribed." *Id.*  He further noted that although Plaintiff's medications were adjusted according to his symptoms, he did not require daily outpatient therapy or even weekly counseling appointments to address his symptoms. *Id.*  The ALJ also noted Plaintiff's testimony that he mowed lawns and enjoyed doing so.  The ALJ stated that an individual with the extreme limitations of Drs. Drummond and Griffith would be unable to complete even the simple task of mowing the lawn. *Id.*  Those reasons:

---

[2] Plaintiff also asserted that the ALJ's RFC assessment is not supported by substantial evidence. However, Plaintiff did not develop that argument by relating his assertion to the record.  Therefore the Court has not addressed this argument.

lack of complete examination or testing; lack of support in treatment notes; infrequent therapy; and inconsistent daily activities were the ones the ALJ relied on in rejecting the treating physicians' opinions. The ALJ relied on remarks within the consultative examination performed by Dr. Allison, finding Dr. Allison's report was more consistent with the record considered in its entirety.

Plaintiff argues that the ALJ's decision failed to take in to account the cyclical nature of his bipolar disorder and that reliance on Dr. Allison's report was error because Dr. Allison's report did not contain functional limitations whereas the treating physicians' opinions do.

Dr. Allison reported that since Plaintiff has been on his current medications, "he has been sleeping well and his anger problem has improved. There is no history of psychotic symptoms or inpatient psychiatric treatment. No clear history of hypomania. Yanak voices no complaints of anxiety, panic attacks, mood swings, or symptoms of PTSD such as nightmares or flashbacks." [R. 267]. Dr. Allison also reported "[t]here is some evidence of social impairment in interpersonal relations, including anger episodes and problems with authority figures." *Id.*

A letter was submitted to the Appeals Council in which Dr. Griffith states that Plaintiff has periods of time when he can function in a work setting and periods of time when he will decompensate due to the nature of bipolar disease. She states that Plaintiff's cycling of moods is reflected in her mental health progress notes and that her mental medical source opinion was based on Plaintiff's ability to maintain long term steady and continuous employment considering the cycling nature of his condition. [R. 435]. Plaintiff argues that

the ALJ's acceptance of Dr. Allison's report over the opinions of Drs. Drummond and Griffith failed to take into account the cycling nature of his bipolar disorder.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  The Court finds that the ALJ gave specific legitimate reasons for rejecting the opinions of Drs. Drummond and Griffith, and those reasons are supported in the record.

Although the letter from Dr. Griffith is new evidence that was not before the ALJ when he made his decision, the Tenth Circuit has ruled that "new evidence [submitted to the Appeals Council] becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence."  *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).  Accordingly, even though the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the Court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.  The ALJ did not accord Dr. Griffith's opinion controlling weight because the limitations she specified are not consistent with the treatment records and because the records reflected she only prescribed medication. [R. 21].  The Court finds that the letter submitted to the Appeals Council does not change either of those circumstances.  Therefore, even considering the letter, the ALJ's decision is supported by substantial evidence.

**CREDIBILITY**

The ALJ found that Plaintiff's credibility was poor with respect to his reported limitations. [R. 21]. In support of this finding, the ALJ noted that although Plaintiff stated he rarely left home, there were instances when Plaintiff's phone was unanswered when his case manager attempted to contact him. Plaintiff also participates in medieval battle reenactments and uses the computer at the library which the ALJ noted are activities contrary to Plaintiff's statement that he is unable to be around others. The ALJ also noted that Plaintiff's long history of drug and alcohol abuse and weak work record indicate a lack of motivation to work. *Id.*

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001). Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

The Court finds that the credibility determination made by the ALJ is supported by substantial evidence in the record and that the ALJ applied the correct standards in making that determination.

## HYPOTHETICAL QUESTIONING

At the hearing, the ALJ posed a hypothetical question to the vocational expert which contained the limitation of "simple repetitive tasks and incidental contact with the public." [R. 469]. The vocational expert responded with a list of jobs that are representative examples of jobs that could be performed with those limitations. [R. 470]. In the denial decision the ALJ stated that Plaintiff could reasonably be expected to perform "simple tasks where he had only incidental contact with others." [R. 22].

Plaintiff argues that the hypothetical question which placed limits on his contact with "the public" is substantially different from the finding that he is limited to incidental contact with "others," which includes supervisors and co-workers. Because of the difference between the hypothetical question and the ALJ's finding, Plaintiff argues that the vocational expert's testimony does not constitute substantial evidence to support the denial of benefits. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision).

The Commissioner argues that when the decision is read in its entirety, nothing suggests that the ALJ meant to limit Plaintiff's contact with co-workers and supervisors. [Dkt. 22, p. 9]. The Commissioner also argues that nothing in the Dictionary of Occupational Titles (DOT) descriptions for the janitor and kitchen helper jobs indicates that interpersonal contacts are more than "routine incidents" of the job. [Dkt. 22, pp. 9-10]. The

7

Commissioner is correct that nothing within those DOT descriptions precludes contact with co-workers and supervisors. However, that fact is not persuasive because the DOT descriptions do not address any level of interpersonal contact. [Dkt. 22-2].

In considering this issue, the Court must explore the possible reasons for the difference in language describing Plaintiff's RFC used by the ALJ at the hearing and in the denial decision. Once the Court determines the possible reason for the difference, it can then address the significance of the difference. The following possibilities may account for the difference in language.

First, the ALJ may have intended to find that Plaintiff actually had a more limited RFC than the RFC posed in the hypothetical question to the vocational expert at the hearing. This would explain why the decision uses the more limited term "others" rather than the term "public" used with the vocational expert. This possibility is not supported by the record. Elsewhere in the decision the ALJ specifically stated that he "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." [R. 22]. That statement clearly indicates that the question posed to the vocational expert was meant to coincide with the RFC findings in the decision.

Another possibility is that the ALJ may have intended to present the vocational expert with a hypothetical question limiting Plaintiff's RFC to incidental contact with "others" but misspoke at the hearing and instead presented a hypothetical which limited Plaintiff to incidental contact with "the public." Again, this possibility is not supported by the record. At the hearing the ALJ specifically explained the type of contact he had in mind:

> By incidental contact with the public, it means coming in contact for example that a janitor might have that would go in a building that might bump into members of the public in the evening when he cleaned the building and not have to deal with them on a regular basis.

[R. 469-70]. Clearly, the ALJ's question to the vocational expert meant to limit contact with "the public."

Finally, the ALJ may have intended to write incidental contact with "the public" in the decision but mistakenly wrote "others." This reason for the difference between the hypothetical questioning and the decision is supported by the record. The ALJ was plainly focused on contact with "the public" at the hearing. The ALJ recognized that vocational expert testimony was necessary to determine whether Plaintiff had the ability to work, recited in the decision that he asked the vocational expert about Plaintiff's RFC at the hearing, and recited that he was relying on the vocational expert's testimony in deciding that Plaintiff is not disabled.

Based on this analysis, the Court concludes that the ALJ made an unintentional mistake by using the term "others" in the decision when he meant to write "the public." The Court finds that this mistake is merely a technical error that does not undermine confidence in the ALJ's determination and therefore should not result in reversal of the ALJ's decision. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th cir. 1993)(refusing to remand where technical omission in the ALJ's decision-making process, if error, was minor enough not to undermine confidence in the determination of the case).

## **CONCLUSION**

Based on the foregoing analysis, the ALJ's decision is AFFIRMED.

SO ORDERED this 2nd day of October, 2008.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE